# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLUM ISLAND SOAP COMPANY, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:18-cv-10214-IT<br>) |
| 1818 FARMS, LLC and NATASHA MCCRARY, | )<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR JURISDICTIONAL DISCOVERY

Walter A. Dodgen (ASB-5507-G70W)
Ryan J. Letson (ASB-7899-E40B)
MAYNARD COOPER & GALE, P.C.
655 Gallatin Street SW
Huntsville, AL 35801
Phone: 256.551.0171
Fax: 256.512.0119
tdodgen@maynardcooper.com
rletson@maynardcooper.com

Harvey J. Wolkoff (BBO #532880)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Avenue
Boston, MA 02199
Tel. (617) 712-7100
Fax (617) 712-7200
harveywolkoff@quinnemanuel.com

C. Brandon Browning (ASB-8933-W78C)
Scott S. Brown (ASB-7762-B65S)
MAYNARD COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 6th Avenue, North
Birmingham, AL 35203-2618
Phone: 205.254.1000
Fax: 205.254.1999
bbrowning@maynardcooper.com
scottbrown@maynardcooper.com

*Counsel for Defendants 1818 Farms, LLC and Natasha McCrary*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

ARGUMENT AND AUTHORITIES ............................................................................................. 1

    A.    Plaintiff may obtain jurisdictional discovery only where it has first made a colorable case for *in personam* jurisdiction. .................................... 1

    B.    Plaintiff's request for jurisdictional discovery actually weighs in favor of granting 1818 Farms' Motion to Dismiss based on the first-filed doctrine. ............................................................................................... 2

    C.    Plaintiff has failed to carry its burden to make a colorable case for the existence of *in personam* jurisdiction. ................................................... 3

        1.    Plaintiff has failed to make a colorable case that Defendants possess non-trivial contacts with Massachusetts that relate to the 1818 Farms Grooming Can. ................................. 3

        2.    Plaintiff also fails to make a colorable case that Defendants have purposefully directed contacts related to the 1818 Farms Grooming Can to Massachusetts. ......................................... 5

    D.    Because Plaintiff's proposed discovery requests are overbroad, Plaintiff's Discovery Motion should be denied. ........................................ 7

CONCLUSION ............................................................................................................................... 8

CERTIFICATE OF SERVICE ..................................................................................................... 10

## TABLE OF AUTHORITIES

**CASES**

*Ace Am. Ins. Co. v. Oyster Harbors Marine, Inc.*,
  2018 WL 1041539 (D. Mass. Feb. 23, 2018) ............................................................... 4, 6

*be2 LLC v. Ivanov*,
  642 F.3d 555 (7th Cir. 2011) ............................................................................................ 6

*Carreras v. PMG Collins, LLC*,
  660 F.3d 549 (1st Cir. 2011) ............................................................................................ 6

*Chung v. NANA Dev. Corp.*,
  783 F.2d 124 (4th Cir. 1986) ........................................................................................... 5

*Copp v. Freudenberg-NOK*,
  2006 WL 1867125 (D.N.H. July 3, 2006) ........................................................................ 5

*Crocker v. Hilton Int'l Barbados, Ltd.*,
  976 F.2d 797 (1st Cir. 1992) ............................................................................................ 3

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
  2012 WL 12905300 (C.D. Cal. Oct. 22, 2012) ................................................................ 2

*Grice v. VIM Holdings Grp., LLC*,
  280 F. Supp. 3d 258 (D. Mass. 2017) .............................................................................. 2

*Harlow v. Children's Hosp.*,
  432 F.3d 50 (1st Cir. 2005) .............................................................................................. 4

*J. McIntyre Machinery, Ltd. v. Nicastro*,
  131 S.Ct. 2780 (2011) ...................................................................................................... 6

*Media3 Techs., LLC v. CableSouth Media III, LLC*,
  17 F. Supp. 3d 107 (D. Mass. 2014) ................................................................................ 6

*Pfizer Inc. v. Apotex, Inc.*,
  2009 WL 2843288 (D. Del. Aug. 13, 2009) .................................................................... 2

*Stars for Art Prod. FZ, LLC v. Dandana, LLC*,
  806 F. Supp. 2d 437 (D. Mass. 2011) .............................................................................. 7

*Sun Life Assur. Co. of Canada v. Sun Bancorp, Inc.*,
  946 F. Supp. 2d 182 (D. Mass. 2012) .............................................................................. 3

*TomTom, Inc. v. Norman IP Holdings, LLC,*
  890 F. Supp. 2d 160 (D. Mass. 2012) .................................................................................... 1

*U.S. v. Swiss Am. Bank,*
  274 F.3d 610 (1st Cir. 2001) ................................................................................................. 1

*Venmill Indus., Inc. v. ELM, Inc.,*
  100 F. Supp. 3d 59 (D. Mass. 2015) ..................................................................................... 4

*Walden v. Fiore,*
  134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) ............................................................................. 5

*Wells Am. Corp. v. Sunshine Elecs.,*
  717 F. Supp. 1121 (D.S.C. 1989) .......................................................................................... 5

*World–Wide Volkswagen Corp. v. Woodson,*
  444 U.S. 286 (1980) ............................................................................................................... 5

Defendants 1818 Farms, LLC ("1818 Farms") and Natasha McCrary ("McCrary") submit this memorandum of law in opposition to the Cross-Motion of the Plaintiff's for Discovery on Personal Jurisdiction (the "Discovery Motion"). The Discovery Motion should be denied for three independent reasons: (1) the requested discovery will not impact Defendants' arguments in support of dismissal based on the first-filed doctrine; (2) Plaintiff has failed to make a colorable case that Defendants' contacts with Massachusetts relate to the 1818 Farms Grooming Can Marks and failed to demonstrate that Defendants purposefully directed contacts at Massachusetts; and (3) Plaintiff's requested discovery is overly broad and not specifically related to whether this Court may exercise specific jurisdiction over the Defendants.

## ARGUMENT AND AUTHORITIES

### A. Plaintiff may obtain jurisdictional discovery only where it has first made a colorable case for *in personam* jurisdiction.

A plaintiff is not automatically entitled to jurisdictional discovery. Rather, a plaintiff may be entitled to limited jurisdictional discovery if it first "makes out a colorable case for the existence of *in personam* jurisdiction." *TomTom, Inc. v. Norman IP Holdings, LLC*, 890 F. Supp. 2d 160, 172 (D. Mass. 2012) (internal quotation marks and citations omitted). "[E]ven when the plaintiff has been diligent and has made a colorable claim for personal jurisdiction, the district court still has broad discretion to decide whether discovery is required." *U.S. v. Swiss Am. Bank*, 274 F.3d 610, 625-26 (1st Cir. 2001) (internal quotation marks and citations omitted); *see also TomTom, Inc.*, 890 F. Supp. at 172–73.

Plum Island argues only that 1818 Farms is subject to this Court's specific jurisdiction. (*See* ECF 26 at p. 13 of 21.) To demonstrate specific jurisdiction, (i) "the legal claims must relate to or arise out of the defendant's contacts in the forum;" (ii) "the defendant's contacts must constitute 'purposeful availment of the benefits and protections' of the forum's laws;" and (iii)

1

"the exercise of jurisdiction must be reasonable, in light of the First Circuit's 'gestalt factors.'" *Grice v. VIM Holdings Grp., LLC*, 280 F. Supp. 3d 258, 270 (D. Mass. 2017) (internal quotation marks and citations omitted).  When viewed in the context of this three-part test, Plum Island's submission fails to make a colorable claim that this Court may constitutionally exercise specific *in personam* jurisdiction over Defendants.  Accordingly, its request for jurisdictional discovery is due to be denied.

> **B.** **Plaintiff's request for jurisdictional discovery actually weighs in favor of granting 1818 Farms' Motion to Dismiss based on the first-filed doctrine.**

As an initial point, the Court need not even address Plaintiff's request for jurisdictional discovery. As set forth in 1818 Farms' Motion to Dismiss, this case is due to be dismissed under the first-filed doctrine regardless of whether Defendants are subject to this Court's *in personam* jurisdiction. (*See* ECF 23 at pp. 14-19 of 29.)   Accordingly, subjecting Defendants to jurisdictional discovery would impose an unnecessary burden on Defendants.  *Cf. Futurewei Techs., Inc. v. Acacia Research Corp.*, No. SACV120511AGJPRX, 2012 WL 12905300, at *7 (C.D. Cal. Oct. 22, 2012), *aff'd*, 737 F.3d 704 (Fed. Cir. 2013) ("But such jurisdictional discovery would not affect the Court's reasoning regarding the first-to-file rule or Plaintiffs' failure to state a claim, and would thus be futile. The Court DENIES Plaintiffs' request for jurisdictional discovery.").  Moreover, the fact that Plaintiff is unable to demonstrate jurisdiction absent jurisdictional discovery weights in favor of applying the first-filed doctrine and dismissing this case in favor of the proceeding in the Northern District of Alabama.  *Cf. Pfizer Inc. v. Apotex, Inc.*, No. CIV.A. 08-CV-00948LD, 2009 WL 2843288, at *3 (D. Del. Aug. 13, 2009) ("Courts have routinely held that both judicial economy and the interest of justice favor transfer where transferring a case would obviate a substantial question regarding personal jurisdiction.")

2

### C. Plaintiff has failed to carry its burden to make a colorable case for the existence of *in personam* jurisdiction.

Plaintiff fails to make a colorable case that it meets the test for specific jurisdiction. To be clear, Plaintiff must demonstrate more than a colorable showing that Defendants have ever transacted business in Massachusetts. Here, because the action relates to the 1818 Farms Grooming Can bearing the marks MAN OF THE FARM and MAN OF THE FARM GROOMING CAN 1818 FARMS MOORESVILLE, ALABAMA and Design (collectively the "1818 Farms Grooming Can Marks"), Plaintiff must make a colorable showing that Defendants had sufficient contacts with Massachusetts that involved the 1818 Farms Grooming Can Marks and that such contacts were purposeful. *See Crocker v. Hilton Int'l Barbados, Ltd.*, 976 F.2d 797, 799 (1st Cir. 1992) ("We ruled that it was not enough that a defendant transact business in Massachusetts. The cause of action itself must aris[e] from the defendant's transacting of business in Massachusetts" (internal quotation marks and citations omitted).).

### 1. Plaintiff has failed to make a colorable case that Defendants possess non-trivial contacts with Massachusetts that relate to the 1818 Farms Grooming Can.

Plaintiff has failed to demonstrate that Defendants possess non-trivial contacts with Massachusetts that relate to Plaintiff's trademark infringement claims. *Cf. Sun Life Assur. Co. of Canada v. Sun Bancorp, Inc.*, 946 F. Supp. 2d 182, 188 (D. Mass. 2012) (finding no personal jurisdiction where, inter alia, "plaintiffs do not allege that a non-trivial number of Massachusetts residents, if any, actually receive services on the website"). The only evidence Plaintiff submits to this Court with regard to the "1818 Farms Grooming Can Marks" is Plaintiff's own unsuccessful efforts to purchase an 1818 Farms Grooming Can subsequent to the filing of this lawsuit. This evidence categorically fails on two independent grounds.

3

First, Plaintiff actually fails to point to any pre-litigation sales by 1818 Farms of a product bearing the 1818 Farms Grooming Can Marks in Massachusetts. Rather, Plaintiff relies on post-complaint attempts to have an 1818 Farms Grooming Can delivered to Massachusetts. Post-complaint activities, however, are irrelevant to whether this Court possesses personal jurisdiction over Defendants. *See Harlow v. Children's Hosp.*, 432 F.3d 50, 62 (1st Cir. 2005) ("Because causation is central to the relatedness inquiry, in most cases, contacts coming into existence after the cause of action arose will not be relevant" (internal citation omitted).); *Ace Am. Ins. Co. v. Oyster Harbors Marine, Inc.*, No. 15-CV-10200-ADB, 2018 WL 1041539, at *5 n.5 (D. Mass. Feb. 23, 2018) ("When considering the exercise of specific jurisdiction, the relevant contacts must generally be limited to those before and surrounding the accrual of the cause of action" (internal quotation marks and citations omitted).); *Venmill Indus., Inc. v. ELM, Inc.*, 100 F. Supp. 3d 59, 70 (D. Mass. 2015) ("The First Circuit has stated that in most cases, contacts coming into existence after the cause of action arose will not be relevant" (internal quotation marks and citations omitted).).

Second, Plaintiff's evidence demonstrates an improper attempt to manufacture contacts between Defendants and Massachusetts. (*See* ECF 27 at ¶¶ 23, 26, 28, 33; *see also* Exs. 14, 16, 17, 20 (examples of Plaintiff or Plaintiff's agent affirmatively reaching out to 1818 Farms and requesting delivery of an 1818 Farms Grooming Can to Massachusetts). Plaintiff, however, cannot create contacts in order to establish this Court's personal jurisdiction over Defendants:

> If the "minimum contacts" inquiry can be manipulated to create personal jurisdiction where an in-state resident manufactures contacts between its home forum and a nonresident entity by means of its own extraterritorial inducements, then very little legal predictability remains to enable potential defendants "to structure their primary conduct with some minimum assurance as to where that conduct" will subject them to suit, rendering interstate commercial dealings "unobliging and brusque."

4

*Wells Am. Corp. v. Sunshine Elecs.*, 717 F. Supp. 1121, 1125 n.3 (D.S.C. 1989) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Chung v. NANA Dev. Corp.*, 783 F.2d 124, 1128 (4th Cir. 1986)). Indeed, it is not Defendants' contacts with Plaintiff that matter for jurisdiction; rather, it is whether Defendants' conduct formed "the necessary connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014); *see id.* at 1123 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."). Plaintiff "cannot be the only link between the defendant and the forum." *Id.* at 1122. In short, Plaintiff's attempt to manufacture sufficient contacts with this forum by itself ordering products from 1818 Farms fails as a matter of law to establish this Court's jurisdiction over Defendants.

  **2.**  **Plaintiff also fails to make a colorable case that Defendants have purposefully directed contacts related to the 1818 Farms Grooming Can to Massachusetts.**

Not only does Plaintiff fail to make a colorable case that Defendants possess sufficient 1818 Farms Grooming Can contacts with Massachusetts to support specific jurisdiction over Defendants, Plaintiff also fails to demonstrate that Defendant have purposefully availed themselves of the privilege of doing business in Massachusetts as it relates to the 1818 Farms Grooming Can Marks. As this Court is aware, the purposeful availment prong requires a showing that "the defendant purposefully and voluntarily directs [its] activities toward the forum so that [it] should expect, by virtue of the benefit [it] receives, to be subject to the court's jurisdiction based on these contacts." *Copp v. Freudenberg-NOK*, No. 05-CV-214-PB, 2006 WL 1867125, at *5 (D.N.H. July 3, 2006) (internal quotation marks and citations omitted). A defendant, however, "does not subject itself to jurisdiction in a forum simply by following up

5

with forum residents who, without prior solicitation, have expressed an interest in purchasing the company's product." *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 555–56 (1st Cir. 2011). Rather, Plaintiff must make a colorable showing that Defendant targeted Massachusetts with its 1818 Farms Grooming Can product. *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2788 (2011) (plurality opinion of Kennedy, J.) ("The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State.").

Rather than submit evidence that Defendants have purposefully directed contacts to Massachusetts related to the 1818 Farms Grooming Can, Plaintiff simply notes that 1818 Farms' products are advertised and sold on the internet. The fact that 1818 Farms' products (including the 1818 Farms Grooming Can) are sold over the internet, however, is insufficient to demonstrate that Defendants purposefully directed contacts toward Massachusetts. *See be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) ("If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."); *see also Ace Am. Ins. Co.*, 2018 WL 1041539 at *7 (finding that "advertising of nationwide services on its website and nationwide liability coverage are also not suggestive of any effort to specifically cultivate a market in Massachusetts"). Indeed, in today's cyber economy, allowing a generally available website to demonstrate purposeful availment would effectively remove all limits on personal jurisdiction. *Cf. Media3 Techs., LLC v. CableSouth Media III, LLC*, 17 F. Supp. 3d 107, 112 (D. Mass. 2014) ("This Court shares the concern articulated in most of these cases that without some limiting principle with regard to purposeful availment, the simple fact that virtually

every business now has a website would eviscerate the limits on personal jurisdiction over out-of-state defendants."). Plaintiff has failed bear its burden to make a colorable case that Defendants' purposefully directed activities related to the 1818 Farms Grooming Can Marks toward Massachusetts.  Absent even this minimal showing, Plaintiff is not entitled to jurisdictional discovery.

> D.    **Because Plaintiff's proposed discovery requests are overbroad, Plaintiff's Discovery Motion should be denied.**

Finally, even had Plaintiff made a colorable case for personal jurisdiction (it did not), the Discovery Motion would still be due to be denied.  Specifically, jurisdictional discovery should be tailored to establishing jurisdiction.  Here, Plaintiff asserts that Defendants are subject to this Court's specific *in personam* jurisdiction.  (*See* ECF 26 at p. 13 of 21.)  Accordingly, any requested discovery should be targeted to Defendants' contacts with Massachusetts that involved the 1818 Farms Grooming Can – the only product at issue.  Yet, none of Plaintiff's proposed requests are limited to the 1818 Farms Grooming Can. The proposed requests seek information on all contacts with Massachusetts and all revenues derived from sales to entities in Massachusetts. (See ECF 29 at pp. 1-3.) In addition, Plaintiff seeks information not just from 1818 Farms but also its distributors. (*See id.*)  Plaintiff's decision to "seek[] information that is either seemingly broad or irrelevant to the personal jurisdiction inquiry … provid[es] further grounds to deny Plaintiff's request [for jurisdictional discovery]." *Stars for Art Prod. FZ, LLC v. Dandana, LLC*, 806 F. Supp. 2d 437, 451 (D. Mass. 2011). Absent specifically tailored discovery requests, it is clear that Plaintiff asks this Court to authorize a fishing expedition.  The Court should decline to do so.

## CONCLUSION

Plaintiff's Discovery Motion is due to be denied. First, no discovery is required to dismiss this case under the first-filed doctrine. Second, Plaintiff has failed to make a colorable case that this Court may exercise specific *in personam* jurisdiction over Defendants. In lieu of making a colorable case, Plaintiff seeks to manipulate jurisdictional contacts by itself inducing Defendants to send products to Massachusetts. Not only is it improper for Plaintiffs to attempt to create jurisdictional contacts with Massachusetts but Defendants' post-litigation contacts are also irrelevant to this Court's jurisdictional analysis. Regardless, Plaintiffs' attempted manipulation of the jurisdictional factors failed to result in Defendants sending any 1818 Farms Grooming Can products into Massachusetts. Given Plaintiff's failure to make a colorable case for jurisdiction, Defendants respectfully request that this Court deny Plaintiff's Discovery Motion.

DATED: May 7, 2018

                                              Respectfully submitted,

                                              */s/ Scott S. Brown*
                                              C. Brandon Browning (ASB-8933-W78C)
                                              Scott S. Brown (ASB-7762-B65S)
                                              MAYNARD COOPER & GALE, P.C.
                                              2400 Regions/Harbert Plaza
                                              1901 6th Avenue North
                                              Birmingham, AL 35203-2618
                                              Phone: 205.254.1000
                                              Fax: 205.254.1999
                                              bbrowning@maynardcooper.com
                                              scottbrown@maynardcooper.com

                                              Walter A. Dodgen (ASB-5507-G70W)
                                              Ryan J. Letson (ASB-7899-E40B)
                                              MAYNARD COOPER & GALE, P.C.
                                              655 Gallatin Street SW
                                              Huntsville, AL 35801
                                              Phone: 256.551.0171
                                              Fax: 256.512.0119
                                              tdodgen@maynardcooper.com
                                              rletson@maynardcooper.com

        Harvey J. Wolkoff (BBO #532880)
        QUINN EMANUEL URQUHART
        & SULLIVAN, LLP
        111 Huntington Avenue
        Boston, MA 02199
        Tel. (617) 712-7100
        Fax (617) 712-7200
        harveywolkoff@quinnemanuel.com

        *Counsel for Defendants*
        *1818 Farms, LLC and Natasha McCrary*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF), and paper copies will be sent to those indicated as non-registered participants by first class mail, if any, on May 7, 2018.

*/s/ Scott S. Brown*
*One of the Attorneys for Defendants*